UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMEY GOODING,                )
                              )
    *Plaintiff*,              )
                              )
v.                            )     No.:  3:09-cv-23
                              )           (VARLAN/GUYTON)
UNITED STATES OF AMERICA,     )
                              )
    *Defendant*.             )

**MEMORANDUM**

This is a *pro se* civil action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. The matter is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction based upon sovereign immunity and plaintiff's response thereto. For the following reasons, the motion to dismiss [Doc. 15] will be **GRANTED** and this action will be **DISMISSED**.

I. Standard of Review

A motion to dismiss filed by the United States based on sovereign immunity is treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See In re Ohio River Disaster Litigation*, 862 F.2d 1237, 1244 (6th Cir. 1988). When a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff has the burden of proving the existence of jurisdiction. *See Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

II. Factual and Procedural Background

On December 4, 2006, while confined in the Federal Correctional Institution (FCI) Big Spring, Texas, plaintiff filed an administrative complaint, Form 95, with the Federal Bureau of Prisons (BOP) alleging claims under the FTCA. A copy of the administrative complaint is attached to the Declaration of Martin Joseph Sweaney, an attorney employed by the United States Department of Justice, BOP. [Doc. 17, Declaration of Martin Joseph Sweaney, Attachment A, Claim for Damage, Injury, or Death, TRT-SCR-2007-01032].

Plaintiff's primary complaint was that he was discriminated against on the basis of race, in violation 42 U.S.C. § 2000e, *et seq.* (Title VII), when he was not promoted to pay Grade 1 in his Federal Prison Industries (FPI) work assignment. Plaintiff also complained that he was demoted to an inferior work assignment in retaliation for his complaint of racial discrimination. Plaintiff further alleged sexual harassment and a hostile work environment in his new work assignment, in violation of Title VII, as a result of sexual horseplay and verbal abuse; intentional infliction of emotional distress; breach of contract and breach of duty; conspiracy to violate civil rights; and that he received a work-related injury to his neck. Plaintiff claimed that as a result of the foregoing, he suffers emotional distress and anxiety. He sought compensatory and punitive damages in addition to back pay and injunctive relief.

Plaintiff's administrative claim was denied by the BOP on May 30, 2007, and plaintiff was advised he had six months within which to file suit in the appropriate United States District Court. [*Id.*, Attachment B, Letter from Jason A. Sickler, Regional Counsel for the U.S. Department of Justice, BOP].

As a result, plaintiff filed the pending action in the United States District Court for the District of Columbia, naming the United States as well as numerous individuals as defendants. Plaintiff titled his complaint as "Appeal for Federal Tort Claim #TRT-SCR-2007-01032 with a Jury Demand." [*Id.*, Doc. 1, Complaint].

The case was transferred to the United States District Court for the Western District of Tennessee, where plaintiff was then confined at the Federal Prison Camp, Millington, Tennessee. Upon plaintiff's release from prison and his relocation to Knoxville, Tennessee, the case was transferred to this court. In the order transferring the case to this court, the United States District Court for the Western District of Tennessee also dismissed the claims as to all individual defendants, leaving only the United States as the defendant, for the reason that the United States is the only proper defendant in a suit under the FTCA. *See* 28 U.S.C. § 2679(a).

In addition to the claims presented in plaintiff's administrative complaint, plaintiff also raises in this action claims of assault and battery; assault by fright; negligence; invasion of privacy; disparate treatment; trespass; false imprisonment; denial of due process; denial of adequate medical care; deliberate indifference; unauthorized release of confidential information; perjury; and excessive force. The defendant moves to dismiss for lack of subject matter jurisdiction based upon sovereign immunity.

III. Discussion

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Thus, "[a]ny claim for which sovereign immunity has not been waived must be dismissed for lack of jurisdiction." *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004). In addition, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted).

The FTCA waives the government's sovereign immunity for the negligent acts of government employees. 28 U.S.C. § 1346(b). *See United States v. Muniz*, 374 U.S. 150, 165 (1963) ("The Federal Tort Claims Act provides much-needed relief to those suffering injury from the negligence of government employees."); *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004) ("Pursuant to the FTCA, the United States has consented, subject to certain exceptions, to suit for damages for personal injuries caused by the negligence of government employees acting within the course and scope of their employment.").

In addition, federal agencies are subject to suit by their employees for discrimination under Title VII. 42 U.S.C. § 2000e-16. *See Douglas v. Hampton*, 512 F.2d 976, 981 (D.C. Cir. 1975) (By enacting § 2000e-16, "Congress clearly intended to give public employees the same substantive rights and remedies that had previously been provided for employees in the

4

private sector."). Title VII is therefore a limited waiver of the United States' sovereign immunity for federal employees. For the following reasons, however, plaintiff is not an employee of the BOP for purposes of Title VII.

It is the policy of the BOP to provide work to all federal inmates. 28 C.F.R. § 345.10. The Federal Prison Industries "was established as a program to provide meaningful work for inmates. This work is designed to allow inmates the opportunity to acquire the knowledge, skills, and work habits which will be useful when released from the institution." *Id*. *See Coupar v. U.S. Dept. of Labor*, 105 F.3d 1263, 1264 (9th Cir. 1997) ("Federal Prison Industries, Inc. ('FPI,' also known by the trade name 'UNICOR') is a statutorily-created government corporation whose purpose is to provide work to inmates confined in federal institutions."). In addition, subject to limited exceptions, "[e]ach sentenced inmate who is physically and mentally able is to be assigned to an institutional, industrial, or commissary work program." 28 C.F.R. § 545.23(a). Although there is no statutory requirement that inmates be paid for their work, the FPI in its discretion may compensate inmate workers. 18 U.S.C. § 4126. Inmates are thus paid a gratuity, not a wage.

The Equal Employment Opportunity Commission (EEOC) is the federal agency that enforces the provisions of Title VII. *See* 42 U.S.C. § 2000e-5(a); *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 655 (2007). In a 1986 decision, the EEOC determined that there was no "employment relationship" between a state inmate performing prison work assignments and the state correctional facility in which the inmate was confined, and thus the

5

inmate was not an employee for purposes of Title VII. EEOC Decision No. 86-7, 40 Fair Empl. Prac. Cas. (BNA) 1892, 1986 WL 38836 (April 18, 1986).

Central to the EEOC's determination was its finding that the relationship between the inmate and the correctional facility "arose from the [inmate's] having been convicted and sentenced to imprisonment in the [State's] correctional facility. The primary purpose of their association was incarceration, not employment." *Id*.; *see also Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (federal prisoner is not an employee of BOP for purposes of Title VII); *cf. Hale v. Arizona*, 993 F.2d 1387, 1393-95 (9th Cir. 1993) (en banc) (inmates performing obligatory prison labor are not employees under Fair Labor Standards Act).

> Whether a plaintiff is an "employee" for purposes of Title VII is a question of federal law. We conclude that plaintiff is not an "employee" under either Title VII or the ADEA because his relationship with the Bureau of Prisons, and therefore, with the defendants, arises out of his status as an inmate, not an employee. Although his relationship with defendants may contain some elements commonly present in an employment relationship, it arises "from [plaintiff's] having been convicted and sentenced to imprisonment in the [defendants'] correctional institution. The primary purpose of their association [is] incarceration, not employment."

*Williams v. Meese*, 926 F.2d at 997 (quoting EEOC Decision No. 86-7, *supra*) (citation omitted).

Based upon the foregoing, plaintiff was not an employee of the BOP for purposes of Title VII. Accordingly, the defendant is entitled to sovereign immunity as to plaintiff's claims of racial discrimination, retaliation, sexual harassment, and hostile work environment.

With respect to plaintiff's claim of a work-related injury, the Inmate Accident Compensation Act, 18 U.S.C. § 4126, is the exclusive remedy for inmates injured in

6

connection with prison work assignments. *Demko v. United States*, 385 U.S. 149, 153 (1966). "*Demko* makes clear that § 4126 is the sole remedy against the government where the injury is work-related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job." *Wooten v. United States*, 825 F.2d 1039, 1044 (6th Cir. 1987) (internal quotation omitted). Accordingly, the United States has not waived sovereign immunity under the FTCA for inmates' work-related injuries. *Id*. at 1045-46.

With respect to plaintiff's remaining claims, those relate to intentional torts which are not included in the waiver of sovereign immunity under the FTCA and should be brought against individual defendants pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See* 28 U.S.C. § 2680(h) (among the exceptions to the waiver of sovereign immunity under the FTCA are "[a]ny claim[s] arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights"); *Hessbrook v. Lennon*, 777 F.2d 999, 1002 (5th Cir. 1985) ("[B]roadly speaking, the FTCA provides a waiver of the sovereign immunity of the United States for *negligence* actions, but not for certain *intentional* torts, which, if they violated a constitutional right, would often be actionable instead by a *Bivens*-type suit.") (footnote omitted).

*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. 403 U.S. at 396-97. The *Bivens* doctrine serves as the counterpart to suits under 42 U.S.C. § 1983, and the decisional law developed under § 1983

7

generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

The United States is not subject to suit under § 1983. *See, e.g.*, *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987). Nor has the United States waived sovereign immunity for actions under *Bivens*. *See, e.g., Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983); *Boda v. United States*, 698 F.2d 1174, 1176 (11th Cir. 1983).

For the reasons set forth herein, the United States enjoys sovereign immunity as to plaintiff's claims and the court thus lacks subject matter jurisdiction to consider plaintiff's complaint.

IV. Conclusion

The defendant's motion to dismiss will be **GRANTED** and this action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE